Judge Mir.r.s
delivered tho Opinion of tho Court.
The principal question ii\ this cause, is whether the plea of the statute of limitations, relied on, in the answer of the defendant to a bill in equity, ought to lie. allowed as a bar to the claim.
The parties bad united their force and their means, as partners in fanning, on a farm of the defendant, and continued during the years 1810 and 1811. They also, erected some buildings, and each expended money therein, ami they commenced a hemp factory, which they never completed, Their object in farming, appears to have been to raise hemp, as well as cattle and hogs for market; and at the close of the last year, the complainant descended the river Mississippi, laden with a eargoof articles of trade talien from the farm, and disposed of it, and the ~A)'artnS?Yon his return, finding the business not profitalikv abandoned their partnership pursuits. There does not-appear to have been any formal dissolution, h.ut a, eptnplefe abandonment for upwards of five years befor.o this suit was commenced. There was no accounCever stated, or .settled between them, at any time, nor any progress made towards a settlement.
The complainant filed this bill for an account, claiming a large balance in his favor, if the accounts 0f profit and loss and expenses were settled.
The defendant answered, admitting the partnership, contesting the claims set up, and relying on (j10 statute of limitations to bar the account.
rkhc complainant, made proof, conducing strongly to shew that the defendant was in arrears, and suilicicnt in our opinion, to entitle him to an account, a,H^ a decree in his favor, if lapse of time docs not put an end <o his claim.
The court below disallowed the account, and that decree we have to revise,
Equity,on oni?o1evipJo dencc,applies the statute to bot!lJd'c ca~ current and exclusiveju^diction,
i!Cr3? are ex. Accounts o,V money and property between narN chi-ively of equity jurisdiction.
Whatever may be said, of the supposed dishonor attached to the defence afforded by tbe statute, it is necessary in every country, for the repose of ty, and indeed to prevent injustice, by cutting off claims easily defeated when recent, but formidable aftcr casualties have cut off testimony once existing, and the force of the statute consists in making time itself evidence, that tfie claim barred by it has been released, discharged or abandoned.
On this principle, courts of equity have noticed, and acknowledged obedience to the statute, although neither our statute, nor that of the country from which our jurisprudence is derived do in their terms apply to suits in equity of any character. Yet in many cases, where equity Iras original and exclusive jurisdiction, and where courts of Jaw could give no redress, courts of equity have compared them with analagous cases at law, and applied the same bar, which courts of law found in the statute, (in-this principle, this court, in deciding on bills brought to set up special entries, and thereby to take-from the occupant of an ancient sctUomcij^ where courts of law could afford no redi't^j) has likened the cases to ejertments, and applVd the bn of twenty years. An adherence to this dedí^plj^uk its being followed in our landed controversies, -j the supreme court of the nation, has swcpftfregpf dockets, many chancery suits, which mig^aVltiis late day, when witnesses are- dead and removeií'rhav-eq-N" disquieted and recovered thehotnes of many. A like bar in equity, must of course, apply strongly to cases where chancery lias concurrent jurisdiction with a court of law, or where the chancellor is authorised by statute to effectuate legal rights.
But partners, as these litigants are, have, in general, no redress at law against each other, especially when the,re is, as here, no written covenant evidencing the partnership, but jnust apply to a court of equity^ and we know of no action at law. which could have been brought in this case. For if it be admitted that an action of account will lie between partners, (a point on which the authorities arv not dear,) we shpuld still, doubt its application to this case, where other articles besides money, must be *332 taken into the account. Of course, this case must he taken as one exclusively and property belonging to a court of equity.
Demands of one partner . on another, arovritliin th>' o.'«¡ration of (he statute of limitations.
iiviiish decisions on their statute of limitation*:, aro not adhered to in the ‘api'lioation ofour statute.
pferenccs to the ÚriÜsli puses of limitations.
But while this is conceded, we do not perceive apy reason for exempting it from the influence of the principles above stated, or releiving it from a bar which is fatal to other cases exclusively equitable, especially as there is no reason assigned for the delay, other than that arising from the confidence peposed in the defendant because lie was the relation of the plaintiff. There is nothing in the act which exempts partners from its operation in their contests with each other. They stand on a footing with other citizens, and of course, ought to be placed on the same ground by th.e decrees of the chancellor.
It may be contended, that the exception in our statute, which excepts “snch accounts as concern the trade of merchandize, between merchant and inerchant, their factors or servants,” applies to, and has a bearing on tins case, and ought to savp the complainant from the operation of the slaUite.
(u this respect, our statute is expressed in the same words wilh the British statute, and of course, the construction of their courts may he supposed to shed some light on the subject.
In the case of Bell vs. Rowland’s adm’r. Hat*. 3011 this court found it necessary to depart widely, from the construction of the British courts on their statute, and has ever since adhered to that departure. This happened on si part of the statute different from that now under consideration. But after looking into their decisions on this part of the statute now before us, we feel ourselves compelled to make another departure, almost as wide as the former.
One of these cases, is Webber vs. Tivill, 2 Saun. 124,* and a neat summary of the doctrine ol“ many more will be found in a note of the learned annotator on that work, page 12G, no. 6. But the most complete collection and review of the whole, which has fallen under the observation, of this court, will be. found in the case of Coster and al. vs. Murray and Murray, 5 John. Cha. Rep. 522, made by chancellor Kent of New York. Among the numerous decisions which there appear, there will be found *333 great conflict and contradiction, and frequent change of sides and positions. From the whole, it will be seen, that the following doctrines have been maintained by the weight of authority, Which may he supposed to have some bearing on this cause.
That one itemofanac?' 00an.t ™as time savcc¡ tho whole in England, but no ao '0r0,
British decísionsoa tlle accounts between mercliants’ not aPProvcc-"
It is admitted by those authorities, that in any case brought on an open account, whether between merchant and merchant, or between other persons, u there be a tew or the last item oi an account within the six years of their statute, the whole account is excepted from the statute, and cannot be barred by it. This forms a, new exception to the statute not contained in its letter, and wholly incompatible with former decisions of this court; but it cannot aid the complainant in this case, if correct, because there are no accounts within the five years, and still less can it aid, because it is a broad exception, which in a great measure repeals the statute, and for that reason it is deemed wholly incorrect, and untenable.
But while the eifectof the statute is thus destroyed, by excepting a multitude of cases, it will be found, on perusing these authorities or a majority of them at least, the accounts between merchant and merchant are not only blended and confounded with accounts of another kind, by placing them on the same footing, but the exception itself of merchant’s accounts, is virtually repealed, by deciding that no such account is without tho operation of the statute, if all dealings had ceased for more than six years before the ac*. tion or suit brought, and títere was no item within that time. This is too limited a construction of the exception, ás well as too wide, for the main provisions of thestatute. The exception certainly intended by the phrase “such accounts as concern tiie trade of merchandise between merchant and merchant, their factors or servants,” to distinguish a certain class of accounts from others, and to place them on a more privileged footing, and that construction which brings them to the same level with others, or raises others to the same privilege, cannot be correct.
We therefore conclude, that all accounts,' which can with propriety, come properly and naturally under the *334 appellation of accounts which concern the trade of merchandize, between merchant and merchant, aro placed on a more favored fooling titan other account-, and that they are. subject to tm bar, whether the last item be within the term of limitation or not. This conclusion is supported by the Supreme Court of the United States, in the case of Mandevillo and Jameson vs. Wilson, 5 Cranch, 15. This construction of the statute, we conceive will furnish a more plain, and practicable rule of decision, and will extricate us from the winding and intricate mazes of British authorities, which perplex their own courts, and have left the question to the latest hour unsettled, and forms now in their courts, what chancellor Kent has properly said, may with propriety, be called questio vexala.
Accounts which concern the trade of merchandize, between merchant and merchant, > arenot within the general provisions of the statute of limitations whetner the lari item be within the tune-or not.
Querc — whether the exception of accounts between merchants, embraces accounts between mcrehant partners.
Definition of SUcrijlinnt,
Applying this construction to the case before us, we have only to ascertain what kind of “accounts concern the trade of merchandize, between merchant and merchant,” or rather, whether the accounts now under consideration, come within that description. 'If they do, there is no bar. If they do not, the account ought to be refused. We wave the question, whether accounts between partners in merchandize, can be included in the exception, or whether the accounts excepted must be created between strangers, not jointly concerned in interest — and admitting for the sake of argument, that accounts between partners in merchandize, are embraced, we are dearly of opinion, that these partners cannot be called merchants, and that the account in contest is riot an account created between merchant and merchant, arising from the trade of merchandize, it may in some cases he difficult to ascertain, whether certain dealers or traders can be called merchants, or whether their accounts belong to the, privileged class; hut in this case, this difficulty does not occur.
In Jacob’s Law Dictionary, vol. 4. page 275, merchant is defined as follows: “One who buys and trades in any tiling; and as merchandize includes all goods atnl wares exposed to sale in fairs or markets, so the word merchant,/rn’ijier/y- extended to all sorts of traders, buyers and sellers. But every one who buys and sells is not, at this day under the denomina *335 Sion of a merchant. Only those'who traffic .in the way of commerce, by importation, or .exportation, or carry on business by way of emption, vendition, barter, permutation, or exchange, and who make it their living to buy and sell, by a continued assiduity or frequent negotiation, in the mystery of merchandize. are esteemed merchants. Timse who buy goods to reduce them by their own art or industry into other forras, and then to sell them, arc artificers not merchants. Bankers and such as deal in exchange are properly called merchants.”
Partners in fanning and raising stock, though carried by themselves to market at N. Orleans, are not morch.ints, and so their accounts arc not within that exception of the statute of limitations.
Crittenden for appellant; Charles li'ickdiffe for appellees.
Now it will be seen at once, that these partners, in the business they were pursuing, fall so far short of coming within the description here given — and the accounts raised in that business, are so variant from what merchants would. Create in their pursuits, that, there is no necessity' of pointing out the distinction in detail. But on the first blush, it will be evident that neither the persons, nor their accounts can come within the exception in the statute.
The court below, therefore, did right in sustaining the plea, and refusing an account, and tjic decree must consequently be affirmed with costs.